PRESENT: All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 071419                          OPINION BY
                                    JUSTICE S. BERNARD GOODWYN
CHRISTOPHER SHAWN ROBERTSON           April 18, 2008

FROM THE COURT OF APPEALS OF VIRGINIA

In this case, we consider the standard to be applied in determining whether a search is reasonable under the protective sweep and exigent circumstances exceptions to the Fourth Amendment warrant requirement for search of a person's home.

Christopher Shawn Robertson ("Robertson") was charged with violating Code § 18.2-308.2, possessing a firearm after having been declared delinquent while a juvenile over the age of fourteen for a crime that would have been a felony if committed as an adult.  He was also charged with discharging a firearm within city limits, in violation of Danville City Code § 40.3.  Robertson filed a motion to suppress in the Circuit Court of the City of Danville.  He contested the search of his home and sought to suppress the admission into evidence of a shotgun found in his home and photographs depicting spent shotgun shells found near the shotgun and holes in the ceiling of his home.  The court denied the motion to suppress and convicted Robertson on both charges.

Robertson appealed to the Court of Appeals, and the Court of Appeals, in a published opinion, reversed the circuit court's judgment on the motion to suppress.  Robertson v. Commonwealth, 49 Va. App. 787, 645 S.E.2d 332 (2007).  The Commonwealth appeals.

FACTS

On the afternoon of August 24, 2005, Robertson and his live-in girlfriend Tiffany Cobbs ("Cobbs") returned from Robertson's grandfather's house after Robertson had, according to Cobbs, consumed at least "a fifth" of alcohol.  The couple began arguing about their infant son who died in January 2005.  After a lengthy argument, Robertson threatened to kill himself.  Upon hearing this threat, Cobbs walked out of the house and called an emergency operator, "911."  While she was speaking to the 911 operator, Cobbs heard two gunshots fired in the house.  As directed by the 911 operator, Cobbs remained outside and waited for the police officers to arrive.

Responding to the 911 call, Officer Ernest Thompson ("Officer Thompson") of the City of Danville Police Department, arrived on the scene at approximately 1:00 a.m. on August 25.  Upon arrival, Officer Thompson interviewed Cobbs.  Cobbs relayed to Officer Thompson that Robertson was alone in the house.  Numerous members of the Danville Police

2

Department, including special weapons and tactics ("SWAT") team members, surrounded the residence. An extended confrontation with Robertson ensued.

A thirty-five minute videotape of that confrontation was placed into evidence at trial. The tape shows Robertson, visibly intoxicated and emotional, cursing at the officers from an open front window, breaking glass panes from the window, and repeatedly denying he had killed his son. Robertson claimed to have a shotgun in the house and admitted to firing the shotgun; however, no shots were fired while the police were present. The confrontation ended when police officers subdued Robertson with a "Taser" electric stun weapon as he was sitting on the windowsill with his legs hanging out of the window. After being stunned by the Taser, Robertson fell to the ground outside of his residence where he was placed into police custody.

After being apprehended, Robertson told the officers, as had Cobbs, there "[a]in't nobody else in the house."[*] No one asked Cobbs or Robertson for permission to enter their home, and neither of them voluntarily consented to the police entering the dwelling. However, after Robertson was in

---

[*] During the bench trial, the Commonwealth's attorney conceded that Robertson was the only occupant at the time of the confrontation with police.

3

custody, police officers broke through the barricaded front door and entered the residence. Once inside the residence, officers seized a shotgun and took photographs. The shotgun and photographs were the subject of the motion to suppress.

During the hearing on the motion to suppress, Officer Thompson confirmed that the SWAT team was on the scene, and went inside the house to secure the premises, after Robertson's arrest, as "part of the procedures we do." There was no testimony that any of the police officers had any belief or suspicion that anyone remained in the house following Robertson's arrest.

ANALYSIS

The Commonwealth asserts that the Court of Appeals erred by holding that the police officers' entry into Robertson's home violated Robertson's Fourth Amendment rights. The Commonwealth also argues that the Court of Appeals did not apply the appropriate appellate standard of review.

A defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that an appellate court must review de novo on appeal. Cost v. Commonwealth, 275 Va. 246, 250, 657 S.E.2d 505, 507 (2008); Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002); see Bolden v. Commonwealth, 263 Va. 465, 470,

4

561 S.E.2d 701, 704 (2002); McCain v. Commonwealth, 261 Va. 483, 489, 545 S.E.2d 541, 545 (2001); see also Ornelas v. United States, 517 U.S. 690, 691, 699 (1996). In making such a determination, an appellate court must give deference to the factual findings of the circuit court and give due weight to the inferences drawn from those factual findings; however, the appellate court must determine independently whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment. Bolden, 263 Va. at 470, 561 S.E.2d at 704; McCain, 261 Va. at 490, 545 S.E.2d at 545; Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000); see Commonwealth v. Redmond, 264 Va. 321, 327, 568 S.E.2d 695, 698 (2002). The defendant has the burden to show that, considering the evidence in the light most favorable to the Commonwealth, the circuit court's denial of his suppression motion was reversible error. Bolden, 263 Va. at 470, 561 S.E.2d at 704; McCain, 261 Va. at 490, 545 S.E.2d at 545; Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

Seizures of personal property from a private dwelling are generally considered unreasonable within the meaning of the Fourth Amendment unless accomplished pursuant to a judicial warrant. United States v. Place, 462 U.S. 696, 701 (1983);

5

Robinson v. Commonwealth, 273 Va. 26, 34, 639 S.E.2d 217, 221 (2007). There is an exception to this general rule when exigent circumstances exist. Verez v. Commonwealth, 230 Va. 405, 410, 337 S.E.2d 749, 752 (1985). Also, police officers are allowed to conduct a search of the immediate area to assure officer safety in the course of making an arrest. Maryland v. Buie, 494 U.S. 325, 337 (1990). This is known as a "protective sweep." Id. Exigent circumstances and protective sweeps constitute separate and distinct exceptions to the general rule. The Commonwealth claims that the Court of Appeals erred in failing to find either of those exceptions applicable in this case.

The Fourth Amendment permits the police to conduct a limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief, based on specific and articulable facts, that the area to be swept harbors an individual posing a danger to those on the arrest scene. Buie, 494 U.S. at 337; see Megel v. Commonwealth, 262 Va. 531, 536 (2001). The rationale for the protective sweep exception is that a dangerous person could be hiding in the home and attack the officer. Buie, 494 U.S. at 333.

In this case, Robertson was arrested outside of his home. Given the information provided to the police by Robertson and Cobbs, and the officers' observations during their extended standoff with Robertson, once Robertson was arrested, there were no articulable facts to indicate that Robertson's home harbored anyone posing a danger to the individuals present at the arrest scene. The protective sweep exception is not applicable in this instance where the officers broke through the barricaded door of Robertson's home, after apprehending Robertson. The Court of Appeals, therefore, did not err in ruling that the protective sweep exception does not apply in this case.

The Commonwealth also claims that the Court of Appeals erred in failing to conclude that there were exigent circumstances justifying the police officers' entrance into Robertson's home. This Court has recognized factors that are relevant in determining if this exception is applicable:

> (1) [T]he degree of urgency involved and the time required to get a warrant; (2) the officers' reasonable belief that contraband is about to be removed or destroyed; (3) the possibility of danger to others, including police officers left to guard the site; (4) information that the possessors of the contraband are aware that the police may be on their trail; (5) whether the offense is serious, or involves violence; (6) whether officers reasonably believe the suspects are armed; (7) whether there is, at the time of entry, a clear showing of probable cause; (8) whether the officers have a

7

> strong reason to believe the suspects are actually present in the premises; (9) the likelihood of escape if the suspects are not swiftly apprehended; and (10) the suspects' recent entry into the premises after hot pursuit.

Robinson, 273 Va. at 41-42, 639 S.E.2d at 226; Verez, 230 Va. at 410-11, 337 S.E.2d at 753.

Here, the officers entered Robertson's home after Robertson had been apprehended. Robertson and Cobbs had informed the police officers that there was no one else in the home, and perhaps more importantly, the officers' observations during their extensive surveillance of the premises for an extended period of time, indicated that there was no one present in the home after Robertson's arrest. Further, there was no reason to believe that contraband was about to be removed or destroyed, little danger to anyone left to guard the site, no likelihood of any suspect escaping, and no hot pursuit. Thus, there is no evidence of an exigency that justifies the officers' breaking through the barricaded door of Robertson's home without obtaining a warrant. The Court of Appeals, therefore, did not err in holding the exigent circumstances exception to the Fourth Amendment warrant requirement inapplicable. The officers' search of Robertson's home was in violation of Robertson's rights under the Fourth

Amendment.  Additionally, the Court of Appeals correctly applied the proper standard of review.

For these reasons, the judgment of the Court of Appeals is affirmed.

<u>Affirmed</u>.