UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Beales and AtLee
Argued at Richmond, Virginia


ANTHONY JOSEPH BELLIO-POATES

MEMORANDUM OPINION[*] BY
v.      Record No. 1500-14-2      JUDGE RICHARD Y. ATLEE, JR.
JUNE 16, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge Designate

Nathaniel A. Scaggs (Hill and Rainey Attorneys, on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


On July 24, 2014, a judge presiding over a bench trial found Anthony Joseph Bellio-Poates

(hereinafter "appellant") guilty of possession of a Schedule I or II controlled substance,

manufacturing marijuana, and possession of ammunition as a felon. The court sentenced him to ten

years' imprisonment, with all ten years suspended on the condition that he serve twelve months

in the City jail, and then complete Detention Center and Diversion Center programs. On appeal,

appellant argues that the trial court erred in three respects. First, appellant argues that the trial court

erred in denying appellant's motion to suppress, because the warrant lacked probable cause and the

exclusionary rule applies because the search does not satisfy the good faith exception. Second,

appellant contends that the trial court erred in denying appellant's motion to strike, because

insufficient evidence existed to show appellant possessed the contraband. Finally, appellant claims

that the trial court erred in denying appellant's motion to strike the charge of manufacturing

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

marijuana on the grounds that insufficient evidence existed that the marijuana found was not for personal use. For the reasons that follow, we find no error and affirm the holding of the trial court.

## I. Facts of the Case

"On appellate review, we are bound by the familiar principle that 'we must consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party below.'" Robinson v. Commonwealth, 273 Va. 26, 30, 639 S.E.2d 217, 219 (2007) (quoting Rose v. Commonwealth, 270 Va. 3, 6, 613 S.E.2d 454, 455 (2005)). So viewed, the evidence is as follows.

On November 12, 2013, Colonial Heights Police Department Officer Walters investigated numerous anonymous crime reporting hotline tips about drug activity at 212 Norfolk Avenue in Colonial Heights. The house is in a residential area where most homes have fenced rear yards. Each home has a single trash can the residents set out behind the house for trash collection from a rear alley. Officer Walters went to 212 Norfolk Avenue, confirmed the address, and conducted a trash pull from the single trash can put out for collection outside the fence directly behind the house. In the trash can, she found two large plastic bags, in which she found what appeared to be marijuana seeds and stems, as well as a "knotted clear plastic baggie corner" that her training and experience informed her was associated with drug use. She also found mail addressed to appellant, at the 212 Norfolk Avenue address.

Based on what she found in the trash pull, Officer Walters went to obtain a warrant to search the residence and curtilage of 212 Norfolk Avenue for marijuana and paraphernalia related to marijuana use. The warrant application mentioned only that Officer Walters conducted a trash pull from a single trash can at the rear of the residence, and found the seeds, stems, and knotted plastic baggie. Officer Walters failed to include anything about the crime reporting hotline tips, or the mail

addressed to appellant at that address. The magistrate found probable cause and issued the search warrant.

On November 15, 2013, Officer Walters served and executed the warrant. She and other officers first checked the home to see how many people were in the house, and as they did so, Officer Walters found five live marijuana plants in plain view in the basement. During the search of the residence, the officers went into what appeared to be an office, as it contained a desk. On top of the desk, Walters found an ashtray with green plant material in it as well as a glass smoking device. Inside the desk, Walters found a number of items that she believed to be associated with drug use, including a plastic baggie with white powder, a glass jar containing what was later confirmed to be heroin, a metal canister containing green plant material that testing showed was marijuana, two other glass smoking devices, and a bag of white pills, among other items. Walters also found items associated with drug distribution, including a digital scale, pruning scissors, plastic baggies in multiple sizes, and an "owe sheet" inside of a prescription pill bottle, which is commonly used to keep track of drug sales. The desk also contained ammunition for various firearms. Walters also found non-contraband indicating that appellant used the desk, including a résumé with appellant's name and letters from the DMV and the Colonial Heights courthouse addressed to appellant. Appellant's wife testified that she rarely went into the office or the basement.

## II. Alleged Fourth Amendment Violation

Appellant first argues that the trial court erred in denying his motion to suppress because the search warrant lacked sufficient probable cause and the good faith exception to the exclusionary rule does not apply.

### A. Standard of Review

"On appeal, constitutional arguments present questions of law that this Court reviews de novo." Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011) (citing Shivaee

v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005)).  In its review, the Court

"must give deference to the factual findings of the circuit court and give due weight to the

inferences drawn from those factual findings; however, the appellate court must determine

independently whether the manner in which the evidence was obtained meets the requirements of

the Fourth Amendment."  Commonwealth v. Robertson, 275 Va. 559, 563, 659 S.E.2d 321, 324

(2008).

B.  Probable Cause for the Search Warrant

"Reasonable minds frequently may differ on the question whether a particular affidavit

establishes probable cause . . . ."  United States v. Leon, 468 U.S. 897, 914 (1984).  Accordingly,

we afford "'great deference' to the magistrate's interpretation of the predicate facts supporting

the issuance of a search warrant and to the determination of whether probable cause supported

the warrant."  Janis v. Commonwealth, 22 Va. App. 646, 652, 472 S.E.2d 649, 652 (1996).

Appellant argues that the affidavit for the warrant failed to establish a sufficient nexus

because the anonymous tips were not explained in court and no one inquired as to the tipsters'

veracity.  Additionally, other people could have accessed the trash can, and because Officer

Walters did not recall if the bags were sealed, "there were too many possibilities as to how the

suspected marijuana got into the bags . . . ."  Appellant's Br. at 9.[1]

Certainly, Officer Walters could, of course, have included additional information that she

possessed in the warrant application, specifically, that she received numerous anonymous tips

about this residence and that she found mail addressed to the residence in the same bags as the

---

[1] Contrary to appellant's assertion, Officer Walters did not need to exclude every other possibility as to how the suspected contraband got into the trash at 212 Norfolk Avenue in order for the magistrate to find probable cause.  Probable cause requires "'less than evidence which would justify condemnation,'" but rather merely "'circumstances which warrant suspicion.'"  Illinois v. Gates, 462 U.S. 213, 235 (1983) (quoting Locke v. United States, 7 Cranch 339, 348 (1813)).  "[I]t is clear that 'only the probability, and not a prima facie showing, of criminal activity'" is required.  Id. (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)).

suspected indicia of drug activity. However, in light of the deferential review we owe to the magistrate's interpretation, we cannot say these omissions rendered the warrant deficient. The warrant specified that the place to be searched was "[a] single story white structure" with "a white covered front porch with white columns on brick pedestals," and "a wood privacy fence that surrounds the rear yard of the residence." App. at 50-52. The affidavit detailed that the marijuana seeds, stems, and knotted baggie corner were in the single trash can directly behind that residence. The trash pull[2] took place in a suburban neighborhood with yard space between houses, where each home set out only one trash can for weekly collection. Officer Walters did not present false or misleading facts, and the omitted information would have supported, not undermined, probable cause. See Franks v. Delaware, 438 U.S. 154 (1978). The facts in the affidavit were connected to the search authorized in the warrant in both time and place. Accordingly, we conclude that the search warrant was supported by probable cause;[3] therefore, the trial court did not err in denying appellant's motion to suppress.

---

[2] Appellant does not contest the constitutionality of the trash pull, as it is well established that citizens have no reasonable expectation of privacy in trash put out for collection. California v. Greenwood, 486 U.S. 35, 40-41 (1988).

[3] Even had we concluded that the warrant lacked probable cause, under the good faith exception, the trial court correctly declined to apply the exclusionary rule. The exclusionary rule does not "'bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.'" Adams v. Commonwealth, 275 Va. 260, 268, 657 S.E.2d 87, 91 (2008) (quoting Leon, 468 U.S. at 905). "[T]he totality of the circumstances should be considered when deciding the question of good faith. In the case before us, those circumstances include 'the knowledge that an officer in the searching officer's position would have possessed.'" Id. at 273, 657 S.E.2d at 94 (quoting United States v. Curry, 911 F.2d 72, 78 (8th Cir. 1990)). Furthermore, "'[a]n officer's decision to obtain a warrant is prima facie evidence that he or she was acting in good faith.'" Id. at 273, 657 S.E.2d at 95 (quoting United States v. Koerth, 312 F.3d 862, 868 (7th Cir. 2002)).
Here, when Walters executed the warrant, she clearly possessed additional knowledge—the anonymous tips and mail found in the trash can—that further supported a finding of probable cause. This is not a case where the "underlying affidavit failed to provide any connection whatsoever between the alleged criminal activity and the premises to be searched," rendering the affidavit "so lacking in indicia of probable cause that a reasonable police officer could not have harbored an objectively reasonable belief as to the validity of the warrant." Anzualda v. Commonwealth,

III. Sufficiency of Evidence

Appellant challenges the sufficiency of the evidence in two respects. First, appellant argues that the evidence was insufficient to prove that appellant possessed the contraband. Second, appellant argues that the Commonwealth failed to present sufficient evidence that appellant manufactured marijuana for distribution, and not for personal use.

A. Standard of Review

"Whether the evidence adduced is sufficient to prove each of those elements is a factual finding, which will not be set aside on appeal unless it is plainly wrong." Lawlor v. Commonwealth, 285 Va. 187, 223-24, 738 S.E.2d 847, 868 (2013) (citing George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991)). "In reviewing that factual finding, we consider the evidence in the light most favorable to the Commonwealth and give it the benefit of all reasonable inferences fairly deducible therefrom." Id. at 224, 738 S.E.2d at 868 (citations omitted).

B. Evidence of Constructive Possession

Because law enforcement recovered the contraband from appellant's home while he was not present, the Commonwealth relied on evidence of constructive possession to satisfy its burden. To demonstrate that a defendant constructively possessed contraband, the prosecution must show that "'the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control.'" Wright v. Commonwealth, 53 Va. App. 266, 273-74, 670 S.E.2d 772, 775 (2009) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "In resolving this issue, the court must consider 'the totality of the circumstances disclosed by the evidence.'" Glasco v. Commonwealth, 26 Va. App. 763, 774,

44 Va. App. 764, 785, 607 S.E.2d 749, 759 (2005). To the contrary, if the warrant lacked probable cause, it was by a slim margin.

497 S.E.2d 150, 155 (1998) (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

Particularly when viewed in the light most favorable to the Commonwealth, as we must because the Commonwealth prevailed below, the evidence presented at trial was sufficient to establish that appellant constructively possessed the contraband. Officer Walters found the contraband in two locations: in the desk in the office, and in the basement. Appellant's wife testified that she rarely went into the office or the basement. In the office, Walters found appellant's résumé, a family photo, and letters addressed to appellant from government authorities. Although law enforcement did not find equally explicit identifying evidence connecting appellant to the marijuana plants in the basement, the desk contained a scale, packaging materials, and an "owe sheet" hidden in a prescription pill bottle. The presence of a timer and grow lights around the marijuana plants in the basement suggests an attempt to cultivate, and the evidence from appellant's desk speaks to distribution. Together, viewed in the light most favorable to the Commonwealth, the evidence established that appellant constructively possessed the contraband in the office and the basement. Accordingly, the trial court did not err in denying appellant's motion to strike.

A. Evidence of Manufacturing Marijuana, Not for Personal Use

Appellant relies solely upon the facts in Reynolds v. Commonwealth, 9 Va. App. 430, 388 S.E.2d 659 (1990), to argue that the evidence here was insufficient to show intent to distribute. In that case, approximately 29 plants in various stages of health were found growing in tomato plant boxes and small paper cups. Together, the plants (not usable product) weighed a total of 1.16 grams. The police also found a scale and smoking device. In finding insufficient evidence of intent to distribute, we noted that there was "no evidence of the presence of

receptacles to bag the marijuana for resale[ ] and no evidence of watering devices and lights to assist in its growth." Id. at 441, 388 S.E.2d at 666.

Here, law enforcement found only five plants, but these plants were significantly more mature (although they did not yet have buds) than those in Reynolds, with a special light and a timer facilitating their growth. Moreover, appellant's office contained packaging materials in the form of baggies of various sizes, and an owe sheet secreted in a pill bottle. See McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (holding that the presence of items related to drug distribution such as packaging is a factor to consider in evaluating the sufficiency of evidence); Burrell v. Commonwealth, 58 Va. App. 417, 435, 710 S.E.2d 509, 518 (2011) (stating that "owe sheets" are evidence of intent to distribute). Furthermore, "quantity may be considered along with other circumstances to support an inference of intent to distribute . . . ." Adkins v. Commonwealth, 217 Va. 437, 439, 229 S.E.2d 869, 871 (1976). In this case, in addition to the small amounts of marijuana found in ashtrays, at least 12 grams were in a metal container in appellant's office. No similar evidence of drug quantity independent of the plants existed in Reynolds.

Most importantly, to find that the evidence here was insufficient would be to "ignore the considerable leeway the fact-finder has both to make reasonable inferences from the evidence and to consider the totality of the circumstances presented by that evidence . . . ." Burrell, 58 Va. App. at 434, 710 S.E.2d at 518. "When we further consider the defendant's possession of a digital scale, baggies, the 'owe sheet' . . . and Detective [Walters's] credible testimony that [appellant's] possession of the [contraband] was inconsistent with personal use," id. at 435, 710 S.E.2d at 518, we conclude that the evidence was sufficient to show that appellant grew the marijuana with intent to distribute.

IV.  Conclusion

For the foregoing reasons, we find the trial court did not err in denying appellant's

motion to suppress or motion to strike.  Accordingly, we affirm appellant's convictions.

Affirmed.