COURT OF APPEALS OF VIRGINIA

Present:  Judges Decker, AtLee and Malveaux
Argued at Richmond, Virginia


FATEH AL-HAYANI

v.     Record No. 1962-15-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
JANUARY 24, 2017

FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

John R. Maus for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Appellant Fateh Al-Hayani entered a conditional guilty plea before the Circuit Court of

Louisa County ("trial court") for possession of over five-hundred cartons of cigarettes with intent

to distribute. The trial court accepted the plea and sentenced Al-Hayani to five years in prison,

with four years and six months suspended. He now argues that the trial court erred in denying

his motion to suppress and maintains that the search of his vehicle was not supported by probable

cause. We disagree and affirm.

I. BACKGROUND

"On appeal of criminal convictions, we view the facts in the light most favorable to the

Commonwealth, and draw all reasonable inferences from those facts." Payne v. Commonwealth,

65 Va. App. 194, 198, 776 S.E.2d 442, 444 (2015). So viewed, the evidence shows that at

approximately 1:20 a.m. in late November 2014, a state trooper observed a minivan traveling

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

westbound on Interstate 64 at 86 miles per hour. The speed limit was 70 miles per hour. The trooper initiated a traffic stop.

As the trooper approached the minivan, he observed that the rear seats were folded down and the vehicle was filled with black garbage bags containing boxes of uniform size and shape. He also saw that, on top of the larger boxes, there were small, loose boxes. The trooper had received training on narcotic and cigarette smuggling in Virginia, during which he learned certain signs consistent with cigarette smuggling. Specifically, cigarette smugglers frequently travel from Virginia to northern states, use rental vehicles, and keep the cigarettes in the original shipping boxes, using bags to conceal them from view. The trooper noted that "[t]he primary boxes, the big boxes appeared to me to be to me from my training consistent with the shape of cigarette boxes. The small boxes on top of those big boxes appeared to be the same shape consistent with cartons of cigarettes."

The trooper approached the window and began speaking with Al-Hayani, who was the driver and sole occupant of the minivan. Al-Hayani initially told the trooper he was traveling to Harrisonburg. When asked about the contents of the vehicle, he stated he was moving, although he did not respond when asked where he was moving to. The trooper noted that the van contained "no personal items, no clothing, no furniture, nothing consistent with people moving." Al-Hayani told the trooper he could not provide the vehicle's registration because it was a rental car. Upon reviewing the rental agreement, the trooper observed that it was executed in New York, and it stated the vehicle was only to be operated in the New York, New Jersey, and Connecticut area. The agreement had also expired ten days prior.

The trooper asked if Al-Hayani had anything illegal in the vehicle. Al-Hayani "didn't make eye contact. He looked down and paused for a couple of seconds and then he stated no." The trooper observed that, although people are often nervous during traffic stops, Al-Hayani

seemed "more nervous than on a usual traffic stop." The trooper went to run Al-Hayani's information through dispatch, and discovered that Al-Hayani had been convicted in the City of Richmond for cigarette smuggling in 2012. The trooper returned to the minivan and issued a summons for the speeding violation. He asked Al-Hayani where he was headed, and this time he said he was headed to New York, contradicting his earlier statement.

The trooper asked if he could search the vehicle. Al-Hayani refused, so the trooper conducted a search without Al-Hayani's consent. Ultimately, the search uncovered over seven hundred cartons of cigarettes in the plastic bags the trooper observed at the beginning of the stop.

## II. ANALYSIS

"If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." Maryland v. Dyson, 527 U.S. 465, 467 (1999) (quoting Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (per curiam)). In his appeal, Al-Hayani argues that the trooper did not have probable cause to search his vehicle. "Probable cause, as the term implies, 'exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place,' as determined from the totality of the circumstances." Byrd v. Commonwealth, 57 Va. App. 589, 595, 704 S.E.2d 597, 599 (2011) (quoting Jones v. Commonwealth, 277 Va. 171, 178, 670 S.E.2d 727, 731 (2009)). In reviewing the evidence, we "must give deference to the factual findings of the circuit court and give due weight to the inferences drawn from those factual findings; however, the appellate court must determine independently whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." Collins, 65 Va. App. at 42, 773 S.E.2d at 621 (quoting Commonwealth v. Robertson, 275 Va. 559, 563, 659 S.E.2d 321, 324 (2008)).

Here, the evidence shows that the trooper, who had prior training in identifying interstate cigarette trafficking, immediately noticed Al-Hayani's cargo and suspected he was smuggling

cigarette cartons.  See Perry v. Commonwealth, 280 Va. 572, 582, 701 S.E.2d 431, 437 (2010) (identifying an officer's "training and experience" as a relevant factor in probable cause determination).  His interactions with Al-Hayani further corroborated this suspicion, as he appeared unusually nervous and provided inconsistent answers to the trooper's questions about his destination.  Al-Hayani was driving the vehicle outside of the geographic boundaries, and past the expiration date, set forth in the rental contract.  Finally, while running Al-Hayani's information as part of the traffic stop, the trooper learned Al-Hayani had a prior conviction in the City of Richmond for smuggling cigarettes.  This conviction was from a mere two years prior to the date of the stop.  Even if the trooper's suspicion had not risen to probable cause before he ran Al-Hayani's license information, learning that Al-Hayani had a recent conviction for the precise crime the trooper suspected he was engaged in here removed any doubt that he then had probable cause to search.  See, e.g., United States v. Nora, 765 F.3d 1049, 1059 (9th Cir. 2014) ("[C]riminal history 'can be helpful in establishing probable cause, especially where the previous arrest or conviction involves a crime of the same general nature as the one the warrant is seeking to uncover.'" (quoting Greenstreet v. Cty. of San Bernardino, 41 F.3d 1306, 1309 (9th Cir. 1994)); United States v. Dyer, 580 F.3d 386, 392 (6th Cir. 2009) ("Although a defendant's criminal history is not dispositive, it is relevant to the probable cause inquiry." (citation omitted)); United States v. Grossman, 400 F.3d 212, 218 (4th Cir. 2005) (noting that criminal history and suspicious explanations and behavior are relevant factors in probable cause determination); United States v. Artez, 389 F.3d 1106, 1114 (10th Cir. 2004) ("[C]riminal history, combined with other factors, can support a finding of reasonable suspicion or probable cause."); cf. Commonwealth v. Smith, 281 Va. 582, 591, 709 S.E.2d 139, 143 (2011) (prior criminal history is "highly relevant" to determining if law enforcement had reasonable suspicion for a search).  Viewed in their totality, these facts plainly provided a fair probability that

contraband would be found in the vehicle. Accordingly, because the trooper had probable cause for the search of Al-Hayani's rental vehicle, the trial court did not err in denying the motion to suppress.

### III. CONCLUSION

The trial court did not err in denying appellant's motion to suppress. Accordingly, we affirm the conviction.

<u>Affirmed</u>.