COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Causey and Friedman
Argued at Norfolk, Virginia


DESMOND LAMONTE MCEACHIN

                                        MEMORANDUM OPINION* BY
v.        Record No. 0543-22-1          JUDGE RICHARD Y. ATLEE, JR.
                                        JULY 25, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan,[1] Judge

Taite A. Westendorf (Westendorf & Khalaf, PLLC, on brief), for
appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The circuit court accepted appellant Desmond Lamonte McEachin's conditional guilty

pleas and convicted him of possession of a firearm while in possession of a Schedule I or II

controlled substance with intent to distribute, possession of a Schedule I or II controlled

substance with intent to distribute, possession of a firearm by a convicted violent felon, and

carrying a concealed weapon.  On appeal, he argues that the circuit court erred by denying his

motion to suppress the evidence obtained after police searched his vehicle without a warrant.

We agree.  Accordingly, we reverse the circuit court's order denying McEachin's suppression

motion and remand for further proceedings.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Judge Steven C. Frucci presided over the pre-trial suppression hearing, which is at issue
in this appeal.

I.  BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  This standard requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

In September 2021, Virginia Beach Police Officers Michael R. Smith and Daniel J. Walker stopped McEachin for having an expired license plate.[2]  McEachin, who was the only occupant of the vehicle, parked in a handicapped spot in a convenience store's parking lot. Smith approached the driver's side, while Walker approached the passenger side of the vehicle. Standing outside the front passenger side, Walker asked McEachin to roll down the window. McEachin instead opened the passenger side door.[3]  McEachin moved items around as he searched for the registration, explaining that this was his stepfather's vehicle, and Walker saw a bottle of liquor on the passenger side floorboard near the center console.  The cap was screwed on the bottle, and less than a quarter of the bottle's contents remained.

When Walker asked about the liquor bottle, McEachin stated that he had not been drinking and immediately offered to take a breathalyzer test.  Walker ordered McEachin out of

_____

[2] As of March 1, 2021, "[n]o law-enforcement officer shall stop a motor vehicle due to an expired registration sticker prior to the first day of the fourth month after the original expiration date."  Code § 46.2-646(E).  The registration on the car McEachin was driving expired in March 2020.

[3] When McEachin opened the door, Walker responded, "Oh, be easier to do that?  Okay," and apologized for the "weird stop."

the car and told him he was going to conduct a search based on probable cause. Walker testified that the only basis for searching the vehicle was to look for more alcohol. He said that McEachin "had a somewhat odd manner of speech" and Walker "couldn't determine if that was simply his normal speech pattern or if he had a lisp or possibly if he had been drinking." Smith similarly testified that McEachin's speech pattern was "consistent with somebody that [Smith] believed at the time had used either alcohol or drugs or had a speech impediment. One of the three." Neither officer had heard McEachin speak before. Walker had not observed any unusual driving behavior and stopped McEachin solely for the expired registration. Neither officer smelled alcohol on or around McEachin. In addition, throughout the course of the encounter, McEachin did not have bloodshot eyes or a flushed face, his clothing and appearance were normal, and he was steady on his feet. Walker also testified that McEachin responded coherently and appropriately to all of Walker's questions and commands. Smith agreed that McEachin did not act in an unusual manner.

Walker searched the vehicle over McEachin's objection, and he found a Ruger pistol underneath the driver's seat. After Walker found the firearm, McEachin ran from the scene. The police caught McEachin and searched him, finding $1,867 in cash in his pocket. They then finished searching the vehicle and found a plastic bag containing cocaine and a scale with white residue.

McEachin moved to suppress any evidence recovered from the vehicle on the grounds that the warrantless search was unconstitutional. After a hearing and argument by counsel, the circuit court denied the motion. The circuit court found that McEachin had an "odd way of speaking. I heard it. I find as a matter of fact that it is odd. I don't know if it's because he was drinking or he's got an issue or whatever, but it sounded odd to the court." The circuit court also

found that "there were commands given that [McEachin] didn't follow."[4] Accordingly, the circuit court found that the police had probable cause to search for evidence of a violation of Code § 18.2-323.1, which prohibits drinking on a public highway, and denied McEachin's motion to suppress.

McEachin entered conditional guilty pleas to possession of a firearm while in possession of a Schedule I or II controlled substance with intent to distribute, possession of a Schedule I or II controlled substance with intent to distribute, possession of a firearm by a convicted violent felon, and carrying a concealed weapon. He reserved the right to appeal the circuit court's denial of his motion to suppress. The circuit court accepted the pleas and found McEachin guilty on all charges, sentencing him to an active term of ten years in prison.[5] McEachin now appeals.

## II. ANALYSIS

### A. *Standards of Review*

"When reviewing a denial of a motion to suppress evidence, an appellate court considers the evidence in the light most favorable to the Commonwealth and 'will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'" *Mitchell v. Commonwealth*, 73 Va. App. 234, 245 (2021) (quoting *Taylor v. Commonwealth*, 70 Va. App. 182, 186 (2019)). "[A]n appellate court must give deference to the factual findings of the circuit court and give due weight to the inferences drawn from those factual findings;

[4] When McEachin's counsel asked for clarification about which commands McEachin failed to follow, the circuit court responded, "You heard the same evidence I heard. I don't think I need to explain myself. . . . In fact, one of the officers said as much."

[5] Specifically, McEachin received the five-year mandatory minimum sentences for possession of a firearm while in possession of a Schedule I or II controlled substance with intent to distribute and possession of a firearm by a convicted violent felon. The trial court also sentenced McEachin to five years for possession of a Schedule I or II controlled substance with intent to distribute and twelve months for carrying a concealed weapon, both of which were fully suspended.

however, the appellate court must determine independently whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." *Moore v. Commonwealth*, 69 Va. App. 30, 36 (2018) (alteration in original) (quoting *Commonwealth v. Robertson*, 275 Va. 559, 563 (2008)). On appeal, "[a] defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that an appellate court must review de novo on appeal." *Bryant v. Commonwealth*, 72 Va. App. 179, 186 (2020) (quoting *Robertson*, 275 Va. at 563).

## B. *Probable Cause for the Search*

"The Fourth Amendment protects individuals against unreasonable searches and seizures." *Jones v. Commonwealth*, 71 Va. App. 375, 380 (2019); *Collins v. Virginia*, 138 S. Ct. 1663, 1669 (2018). Warrantless searches are "*per se* unreasonable" under the Fourth Amendment, "subject to a few well-defined exceptions." *Moore*, 69 Va. App. at 36 (quoting *Abell v. Commonwealth*, 221 Va. 607, 612 (1980)). Specifically, vehicle searches are subject to the automobile exception due to vehicles' "ready mobility." *Collins*, 138 S. Ct. at 1669 (quoting *California v. Carney*, 471 U.S. 386, 390 (1985)). Under the automobile exception, the search of a vehicle without a warrant is reasonable under the Fourth Amendment if supported by probable cause. *Id.* at 1670.

Probable cause exists when, considering the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Curley v. Commonwealth*, 295 Va. 616, 622 (2018) (quoting *Jones v. Commonwealth*, 277 Va. 171, 178 (2009)). When determining whether probable cause supported a search, "we examine the events leading up to the [search], and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Id.* (alteration in original) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)). The probable

cause standard "requires more than a strong suspicion." *Whitehead v. Commonwealth*, 278 Va. 300, 314 (2009). "In dealing with probable cause, . . . as the very name implies, we deal with probabilities." *Smith v. Commonwealth*, 56 Va. App. 592, 600 (2010) (alteration in original) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)).

The record here is insufficient to demonstrate that the officers had probable cause to believe that there would be any contraband or evidence of criminal activity inside the vehicle. The circuit court found that the officers had probable cause to search the vehicle because there was evidence that McEachin violated Code § 18.2-323.1.[6] Code § 18.2-323.1 prohibits consuming alcohol while driving on the Commonwealth's public highways; it does not criminalize possession of open containers in a vehicle.[7] It establishes a rebuttable presumption that the driver has consumed alcohol when:

> (i) an open container is located within the passenger area of the motor vehicle, (ii) the alcoholic beverage in the open container has been at least partially removed, and (iii) the appearance, conduct, odor of alcohol, speech, or other physical characteristic of the

---

[6] The Virginia Beach City Code does not have a code section specifically prohibiting open containers in a vehicle.

[7] The Commonwealth cites numerous non-Virginia cases for the proposition that an officer's observation of an open alcohol container establishes probable cause to search for additional open alcohol containers. All of the cases upon which the Commonwealth relies considered laws that prohibit the mere *possession* of alcohol in a motor vehicle and do not require proof of *consumption*. *See State v. Rincon*, 970 N.W.2d 275, 281 (Iowa 2022) (probable cause to search for violation of Iowa Code § 321.284(1), which provides that "[a] driver of a motor vehicle upon a public street or highway shall not possess in the passenger area of the motor vehicle an open or unsealed bottle, can, jar, or other receptacle containing an alcoholic beverage"); *People v. McGhee*, 162 N.E.3d 1080, 1088 (Ill. App. Ct. 2020) (probable cause to search for violation of 625 Ill. Comp. Stat. § 5/11-502(a), which provides that "no driver may transport, carry, possess or have any alcoholic liquor within the passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken"); *State v. Fischer*, 873 N.W.2d 681, 688-89 (S.D. 2016) (probable cause to search for violation of S.D. Codified Laws § 35-1-9.1, which prohibits "[p]ossession of an open container of alcohol inside a vehicle on a public street").

driver of the motor vehicle may be reasonably associated with the
consumption of an alcoholic beverage.

Code § 18.2-323.1(B).

Although the first two elements are met,[8] the Commonwealth did not establish the third

element of Code § 18.2-323.1(B)'s rebuttable presumption. McEachin's clothing and

appearance were normal. The officers did not detect the odor of alcohol. McEachin did not

possess physical characteristics that were reasonably associated with the consumption of

alcohol—his eyes were not bloodshot, his face was not flushed, and he was steady on his feet.

That leaves McEachin's speech and conduct, which the circuit court found provided the officers

with probable cause to search for additional alcohol. We disagree.

First, as to McEachin's conduct, the circuit court found that McEachin did not follow the

officers' commands. The parties disagree as to which commands the circuit court had in mind,

with McEachin asserting that the circuit court was impermissibly influenced by his flight *after*

the search and the Commonwealth asserting that the circuit court meant to refer to McEachin's

act of opening the door when Walker instructed him to roll down the window. Even accepting

the evidence in the light most favorable to the Commonwealth, however, McEachin's act of

opening the door is not "reasonably associated with the consumption of an alcoholic beverage."

Indeed, the Commonwealth makes no argument in its brief connecting this act with alcohol

consumption.

McEachin's speech did not provide probable cause to search either. The officers, both at

the scene and during their testimony, expressed the belief that McEachin might have a speech

impediment. For example, after the search and McEachin's arrest, Walker told his fellow

officers that McEachin "has a speech impediment, I guess" before wondering—after he had

---

[8] "'Open container' means any vessel containing an alcoholic beverage, except the
originally sealed manufacturer's container." Code § 18.2-323.1(C).

- 7 -

already detained McEachin and searched his vehicle—if maybe McEachin's speech was connected to alcohol consumption. None of the officers mentioned McEachin's speech before searching his vehicle. Moreover, the circuit court, in finding that McEachin's speech was "odd," stated that "I don't know if it's because he was drinking or he's got an issue or whatever." In other words, although the circuit court made a factual finding that McEachin's speech was "odd," it explicitly acknowledged that it could not connect such odd speech with alcohol consumption.

Beyond failing to establish Code § 18.2-323.1(B)'s rebuttable presumption, the Commonwealth offered no other evidence giving rise to probable cause that McEachin consumed alcohol while driving. At most, the liquor bottle and "odd" speech gave officers a "strong suspicion" that McEachin had been drinking while driving on a public highway, but strong suspicion is not probable cause. *Whitehead*, 278 Va. at 314. Because the open container alone was not illegal under Code § 18.2-323.1 and there was no evidence McEachin consumed alcohol while driving, the officers did not have probable cause to search the vehicle for contraband or evidence of a crime relating to alcohol consumption, and the search was unlawful.

## III. CONCLUSION

Based on the foregoing, we hold that the police did not have probable cause to search McEachin's vehicle. Thus, we reverse the circuit court's denial of the motion to suppress and remand the matter to the circuit court for further proceedings consistent with this opinion.

*Reversed and remanded.*