COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, AtLee and Senior Judge Petty
Argued by videoconference


BOBBY SIM PANNELL

MEMORANDUM OPINION* BY
v.      Record No. 1292-25-3      JUDGE WILLIAM G. PETTY
                                  MARCH 3, 2026

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Brian H. Turpin, Judge

Gregory T. Casker for appellant.

Melanie D. Edge, Senior Assistant Attorney General (Jason S.
Miyares,[1] Attorney General, on brief), for appellee.


Upon his conditional no contest plea, the trial court convicted Bobby Sim Pannell of

possession of methamphetamine. Before entering his plea, Pannell moved to suppress evidence

collected during a search of his residence. The trial court denied the motion. On appeal, Pannell

argues that the trial court erred by denying his motion to suppress. We find no merit to Pannell's

arguments and affirm the trial court's judgment.

BACKGROUND

"On appeal, 'we review the evidence in the "light most favorable" to the Commonwealth,'

the prevailing party below." *Diaz v. Commonwealth*, 80 Va. App. 286, 295 (2024) (quoting

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc)). "That principle requires us to

'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" *Id.* (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc)).

On July 28, 2023, Pittsylvania County police officers arrived at Pannell's residence to serve him with an arrest warrant for violating his probation. The officers obtained the address from previous encounters they had had with Pannell. They arrived in both marked and unmarked vehicles. As they approached the residence, they saw a man they believed was Pannell wearing a grey shirt and a motorcycle helmet run towards the back of the house. The officers knocked on the door.

Before arriving at the scene, the officers learned that Pannell was in a relationship with a woman named "Tabitha." A woman responded to the officers' knock and identified herself as Tabitha Moore. She stated that she did not know if Pannell was in the house. She explained that she had been sleeping when the officers arrived. When they stated that they had seen a man run into the house, she told them they could come inside to look.

Once inside, the officers found Pannell hiding under kitchen cabinets near the sink. They ordered him to emerge and handcuffed him when he came out. Inside the hiding place, the police found the motorcycle helmet, a torch lighter, and a small, opaque Ziplock bag Pannell had been holding. Inside the bag, police found methamphetamine.

Pannell moved to suppress the evidence, alleging the police unlawfully entered his residence because Moore did not have the authority to consent to the search. At the hearing on the motion, Pannell's mother, Jean Pannell (Jean), testified that she owned the residence and that Pannell and Moore lived there. She also stated that Moore was pregnant with Pannell's child.

The Commonwealth argued that Moore gave the police "third party consent" and they reasonably believed that Moore had the authority to allow the search. Pannell countered that the officers should have asked more questions to Moore to ascertain if she was authorized to consent to

the search. The trial court concluded that the officers reasonably determined that Moore had apparent authority to allow the search. The court continued the hearing to allow Pannell to review camera footage of the search.

Pannell then filed an amended motion to suppress, alleging that the police unlawfully opened the bag he had been holding when the police found him hiding in the kitchen. At the second hearing, the Commonwealth explained that the footage was unavailable. Moore testified that she told the officers that Pannell was not at home. She claimed that Deputy Klauss threatened to take her to jail if she did not let them in and remarked that he "didn't care if [she] was pregnant or not." She stated that she allowed the officers in because of the alleged threat. She acknowledged that she had been living with Pannell since 2021.

The trial court found the issue was one of credibility, disbelieved Moore's version of the events, and concluded that there had been no duress or coercion used to enter the house. The court held that the officers lawfully entered the residence.

Next, the trial court addressed the search of the baggie which held the drugs. Deputy Klauss referred to the bag as a "marijuana pouch," "[b]ecause that's what [he had] seen marijuana in before." He described the distinctive design of the bag, noting that he had often seen similar bags used to conceal drugs. The trial court held that the police found the bag in the confined space in which Pannell had been hiding and Deputy Klauss, based on his training and experience, recognized the bag as one commonly used to conceal drugs. The court further held that the bag remained in Pannell's reach as he was being arrested and the officers permissibly searched it incident to Pannell's arrest. The court denied Pannell's motion to suppress. Pannell appeals.

ANALYSIS

"The law regarding appellate review of a trial court's decision on a motion to suppress is well settled. The appellant bears the burden of establishing that reversible error occurred."

*Williams v. Commonwealth*, 71 Va. App. 462, 474 (2020). "[A]n appellate court must give deference to the factual findings of the circuit court and give due weight to the inferences drawn from those factual findings; however, the appellate court must determine independently whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." *Moore v. Commonwealth*, 69 Va. App. 30, 36 (2018) (alteration in original) (quoting *Commonwealth v. Robertson*, 275 Va. 559, 563 (2008)). "On appeal, a 'defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review de novo.'" *Cole v. Commonwealth*, 294 Va. 342, 354 (2017) (quoting *Cost v. Commonwealth*, 275 Va. 246, 250 (2008)).

"The Commonwealth carries the burden of showing that a warrantless search and seizure was constitutionally permissible." *Jackson v. Commonwealth*, 267 Va. 666, 673 (2004). "However, a defendant must show, when viewing the evidence in the light most favorable to the Commonwealth, that the denial of the motion to suppress evidence was reversible error." *Id.*

Pannell argues that the trial court erred by denying his original motion to suppress challenging the police entry into his residence and his amended motion to suppress challenging the search of the baggie. Regarding the entry into the house, Pannell argues only that Moore's consent to the search "was a product of duress as a result of Deputy Klauss'[s] threat to arrest her." He does not challenge Moore's authority to consent to the search.

"The question of whether a particular 'consent to a search was in fact voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances.'" *Jones v. Commonwealth*, 32 Va. App. 30, 40 (2000) (quoting *Deer v. Commonwealth*, 17 Va. App. 730, 735 (1994)). Determining witness credibility "is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (quoting *Lea*

- 4 -

*v. Commonwealth*, 16 Va. App. 300, 304 (1993)).  The fact finder "[i]s free to believe or disbelieve, in part or in whole, the testimony of any witness."  *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (en banc).  When the trier of fact has resolved credibility issues in favor of the Commonwealth, "those findings will not be disturbed on appeal unless plainly wrong."  *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)).

Here, the trial court permissibly rejected Moore's testimony that Deputy Klauss threatened to arrest her if she did not allow them inside.  Instead, the trial court found the officers' accounts of the events believable.  As such, the record demonstrates that the consent to search was voluntary and the police permissibly acted upon it, making the search of the house valid.

Pannell also contends that the police unlawfully searched the baggie containing the drugs.  Specifically, he argues only that the trial court erred by "finding that the opaque bag was sufficiently distinctive to conclude that there was contraband held within it."

Under the Fourth Amendment's prohibition against unreasonable searches and seizures, "[w]arrantless searches are per se unreasonable, subject to a few specifically established and well-delineated exceptions."  *Parady v. Commonwealth*, 78 Va. App. 18, 28-29 (2023) (quoting *Megel v. Commonwealth*, 262 Va. 531, 534 (2001)).  "These narrowly delineated exceptions include: consent, search incident to a lawful arrest, plain view, and exigent circumstances."  *Aponte v. Commonwealth*, 68 Va. App. 146, 157 (2017) (quoting *Collins v. Commonwealth*, 292 Va. 486, 497 (2016)).  "[T]he Supreme Court has held '[i]t is the fact of the lawful arrest which establishes the authority to search.'"  *Parady*, 78 Va. App. at 35 (second alteration in original) (quoting *United States v. Robinson*, 414 U.S. 218, 235 (1973)).  Here, Pannell does not contest the legality of his arrest.

The scope of a search incident to arrest includes not only the arrestee's "person" but also "the area 'within his immediate control,'" meaning "the area from within which [the arrestee] might gain possession of a weapon or *destructible evidence*." *Chimel v. California*, 395 U.S. 752, 763 (1969) (emphasis added). The bag containing the drugs was easily destructible. "An officer may search after—or even before—an arrest so long as the search 'is substantially contemporaneous with the arrest and confined to the immediate vicinity of the arrest.'" *Parady*, 78 Va. App. at 32 (quoting *Stoner v. California*, 376 U.S. 483, 486 (1964)). Here, Pannell conceded that the baggie was in an area within his immediate control and the evidence proved that the search was contemporaneous with Pannell's arrest. Because the police searched the baggie incident to Pannell's lawful arrest, we find no error with the trial court's denial of Pannell's motion to suppress.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*